# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

John Joseph Rushinsky, Jr., | No. CV-18-01836-PHX-ROS
Petitioner, | **ORDER**
v. |
Charles L Ryan, et al., |
Respondents. |

Petitioner John Joseph Rushinsky, Jr., was convicted in state court of two counts of child molestation. After pursuing an unsuccessful direct appeal as well as an unsuccessful petition for post-conviction relief in state court, Petitioner filed a federal petition for a writ of habeas corpus. In July 2019, Magistrate Judge John Z. Boyle issued a Report and Recommendation ("R&R") recommending the petition be denied. Petitioner filed objections but, upon de novo review, the R&R reached the correct result. Therefore, the R&R will be adopted and the petition denied.

## BACKGROUND

The factual background recited in the R&R was drawn from the decision by the Arizona Court of Appeals. Petitioner disputes portions of that background but this Court must afford the version of facts recited by the Arizona Court of Appeals "a presumption of correctness that may be rebutted only by clear and convincing evidence." *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012). Petitioner has not presented "clear and convincing" evidence that the Arizona Court of Appeals incorrectly recited the facts.

Therefore, the Court will also rely on the background as recited by the state court.

In 2011, a Child Protective Services caseworker and two uniformed police officers visited Petitioner and his wife at their home. The caseworker explained she was there because of a report of possible child abuse by Petitioner of his daughter. The police officers did not draw their weapons and the caseworker informed Petitioner he did not have to speak with her. Petitioner agreed to do so and "[a]pproximately ten minutes into the interview, [Petitioner] volunteered that he had an erection on an occasion when his seven-year-old daughter sat on his lap. [Petitioner] said that he pushed her down on himself and rubbed against her." *State v. Rushinsky*, No. 1 CA-CR 12-0529, 2013 WL 5637753, at *1 (Ariz. Ct. App. Oct. 15, 2013). After hearing those statements, the officers arrested Petitioner. Later, Petitioner was indicted "on three counts of child molestation and one count of aggravated assault." (Three of those counts were based on events from 2011 while one count was based on a different event from 2010.)

During pretrial proceedings, Petitioner moved to suppress the statements he made to the caseworker by arguing they had been obtained in violation of his *Miranda* rights. The state trial court denied the motion and Petitioner proceeded to trial. During jury selection, Petitioner moved to dismiss the child molestation charges. Petitioner argued Arizona's child molestation statute, A.R.S. § 13-1410, was unconstitutional because it shifted the burden to a defendant "to prove innocent contact" instead of requiring the state prove that the contact had occurred with sexual intent. (Doc. 19 at 8). The trial court denied the motion to dismiss.

At trial, the state offered evidence pursuant to Arizona Rule of Evidence 404(c) involving other acts of sexual abuse committed by Petitioner. At the conclusion of trial defense counsel again raised the issue of the constitutionality of the child molestation statute. (Doc. 19-11 at 120). After hearing from both sides, the trial court determined the statute, as construed by the state, was "overbroad." In the trial court's view, the state's construction of the statute would mean "any time any child is sitting on any adult's lap, [that] would constitute sexual contact." (Doc. 19-11 at 125). To correct that problem, the

trial court decided to instruct the jury such that it "could not find [Petitioner] guilty if they determine[d] that there was not a sexual intent." (Doc. 19-11 at 127). Thus, the trial court instructed the jury that it could convict Petitioner of child molestation only if the state proved "beyond a reasonable doubt that [Petitioner] acted with a criminal sexual intent."[1] The jury convicted Petitioner of two counts of child molestation but acquitted Petitioner of one count of child molestation and count of aggravated assault.

After being convicted, Petitioner was appointed new counsel and that counsel pursued a direct appeal. In the direct appeal, counsel presented arguments regarding the alleged *Miranda* violation as well as the admission of the Rule 404(c) evidence. Counsel did not, however, pursue any argument regarding the constitutionality of Arizona's child molestation statute. The Arizona Court of Appeals affirmed Petitioner's convictions and the Arizona Supreme Court denied review. Petitioner then initiated the post-conviction relief process.

The state court appointed another attorney to assist Petitioner with the post-conviction relief process but that attorney could not locate any plausible grounds to argue. Petitioner then prepared and filed a pro se petition arguing Arizona's child molestation statute was unconstitutional. Petitioner also argued he had received ineffective assistance of appellate counsel during his direct appeal because his counsel had not argued the statute was unconstitutional. In denying his petition, the trial court ruled "[t]o the extent" Petitioner was attempting "to challenge the Constitutionality of [Arizona's child molestation statute]" he was "precluded" from doing so by Arizona Rule of Criminal Procedure Rule 32.2(a)(2) and (3). Those subsections preclude granting relief on a petition for post-conviction relief "based on any ground" that had been "finally adjudicated on the merits in an appeal" or "waived at trial, on appeal, or in any previous collateral proceeding." Put plainly, the trial court was saying Arizona's Rule 32.2 meant Petitioner

---

[1] The full jury instructions on this issue were confusing because they seemed to place the burden on Petitioner and the state. In brief, the full jury instructions described the lack of sexual intent as an "affirmative defense" which must be proven by Petitioner but also stated the burden was on the state to prove Petitioner had acted with a sexual intent. (Doc. 19-4 at 81).

should have pursued his arguments regarding the constitutionality of the child molestation statute during his direct appeal and, having failed to do so, Petitioner could not obtain post-conviction relief based on such arguments. The trial court did not address Petitioner's argument regarding ineffective assistance of appellate counsel.

Petitioner filed a petition for review with the Arizona Court of Appeals. That court granted review but denied relief. The court of appeals explained Petitioner's claim regarding the constitutionality of the statute was "precluded by his failure to raise [it] on appeal." As for the claim involving the ineffectiveness of Petitioner's appellate counsel, the court noted the Arizona Supreme Court had recently determined Arizona's child molestation statute was constitutional. Thus, Petitioner had not received ineffective assistance of counsel because the arguments Petitioner believed his attorney should have pursued during the direct appeal would not have been successful. (Doc. 19-4 at 123). Petitioner sought further review by the Arizona Supreme Court as well as the United States Supreme Court but both courts denied review.

In June 2018, Petitioner filed the present suit. The Court interpreted Petitioner as asserting three claims: 1) Arizona's child molestation statute was unconstitutional; 2) Petitioner received ineffective assistance of appellate counsel because that counsel failed to argue the constitutionality of Arizona's child molestation statute on direct appeal; and 3) Petitioner suffered a *Miranda* violation when the state introduced the statements he made to the caseworker. (Doc. 6 at 1). The state responded that the first claim was procedurally defaulted because Petitioner did not raise it on direct appeal and when he tried to raise it during the post-conviction relief process, the Arizona courts applied a procedural bar. The state conceded, however, that the second and third claims should be analyzed on their merits. (Doc. 19 at 36, 44). But the state argued the Arizona court properly denied relief on those claims.

## ANALYSIS

### A. Constitutionality of Arizona's Child Molestation Statute

As explained in more detail in the R&R, Petitioner's claim regarding the

unconstitutionality of Arizona's child molestation statute is procedurally defaulted. The proper time for Petitioner to have raised that claim was in his direct appeal. Petitioner did not do so and, when raised during the post-conviction relief process, the Arizona courts applied a well-established procedural bar. Therefore, the R&R correctly concluded the Court cannot reach the merits of this claim or grant relief on this claim.

### B. Ineffective Assistance of Appellate Counsel

Petitioner's second claim involving ineffective assistance of appellate counsel can be reviewed on the merits but the standard for doing so is exceptionally deferential. The question is "whether there is any reasonable argument" that the Arizona courts properly rejected this claim. *Martinez v. Ryan*, 926 F.3d 1215, 1226 (9th Cir. 2019). It is undisputed that Petitioner's appellate counsel did not challenge the constitutionality of the child molestation statute.[2] But Petitioner is not entitled to relief because, at the time of his appeal, the child molestation statute had long been accepted by Arizona courts. As noted by the Ninth Circuit in a similar case also involving the failure by counsel to argue the constitutionality of Arizona's child molestation statute, "the long-standing status of the law in Arizona that the State [was] not required to prove sexual intent to successfully prosecute a defendant for child molestation" meant an attorney's failure to argue the statute's unconstitutionality did not fall "below an objective standard of reasonableness." *May v. Ryan*, 766 F. App'x 505, 506 (9th Cir. 2019). The same conclusion must be reached here.

At the time of Petitioner's appeal, Arizona's child molestation statute had been in place for years and there is no indication that every reasonable attorney would have argued it was unconstitutional. Therefore, the failure by Petitioner's counsel to argue the statute's unconstitutionality on appeal did not fall below the "prevailing professional practice at the time." *Id.* Petitioner's claim for ineffective assistance of appellate counsel fails.

---

[2] The state argues the jury instructions given during Petitioner's trial effectively cured any flaw in the statute. That is, the state believes the constitutionality of the statute itself is immaterial because Petitioner's jury was instructed that it could convict Petitioner only if the state proved beyond a reasonable doubt that Petitioner had acted with sexual intent. It is not obvious that a state can cure constitutional infirmities in a statute merely by way of jury instructions. But the Court need not resolve this issue as Petitioner's claim for ineffective assistance of counsel fails for other reasons.

### C. Admission of Statements

Petitioner's final claim is that the state court erred in its admission of his statements to the caseworker. This claim was exhausted in state court but, as explained by the R&R, the Arizona Court of Appeals' decision regarding the admissibility of Petitioner's statements "was not unreasonable." (Doc. 24 at 14). The admissibility of such statements depends on a careful evaluation of all the surrounding circumstances. The facts that this Court must accept are that Petitioner invited the caseworker into his home, the caseworker informed Petitioner he was not required to participate in the interview, and the police officers who were accompanying the caseworker did not draw their weapons. Given those facts, the Arizona Court of Appeals' decision that Petitioner's statements were admissible was not "contrary to" nor was it "an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Petitioner's *Miranda* claim fails.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 24) is **ADOPTED with the additional analysis above**. The petition for writ of habeas corpus (Doc. 1) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of portions of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because the portions of the petition not procedurally barred do not make a substantial showing of the denial of a constitutional right.

Dated this 2nd day of October, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge